**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6757**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AARON MICHAEL BURNS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, Chief District Judge. (2:14-cr-00009-RBS-DEM-1; 2:16-cv-00578-RBS)

Submitted: November 21, 2017                     Decided: November 27, 2017

Before WYNN and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Aaron M. Burns, Appellant Pro Se. Elizabeth Marie Yusi, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aaron Michael Burns seeks to appeal the district court's orders denying relief on his 28 U.S.C. § 2255 (2012) motion and denying his motions for a change of venue. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's orders were entered on the docket on November 10 and November 21, 2016. The notice of appeal was filed on June 1, 2017.[*] Because Burns failed to file a timely notice of appeal, or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. *See* Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988).